OPINION
Defendant-appellant Aaron Cabral appeals the November 15, 1999 Judgment Entry of the Canton Municipal Court which found him guilty of operating a motor vehicle while under the influence of alcohol and assault, and sentenced him accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On May 12, 1999, appellant drove Brian Gamble's Mustang convertible from the Stables Restaurant. Appellant then pulled up behind a white car stopped at a red light on 13th Street, N.W. in Canton, Ohio. Appellant and Mr. Gamble had been drinking at the restaurant. Joseph Carafelli was the driver of the white car. Appellant honked the horn and started yelling and cursing at Carafelli's car. Appellant, apparently not satisfied with the results of the horn and cursing, stood up on the driver's seat and stepped over the driver's side door of the convertible. A fight ensued between appellant and Mr. Carafelli. Deputy Lawrence Kouri of the Stark County Sheriff's Office arrived and witnessed appellant throwing a punch at Mr. Carafelli. Officer Kouri, with the assistance of other Canton police officers, broke up the fight. As a result of this incident, appellant was charged with assault, in violation of R.C. 2903.13, one count of driving while intoxicated, in violation of R.C. 4511.19, one count of disorderly conduct by intoxication, in violation of R.C. 2917.11, and one count of failing to have an operator's license, in violation of R.C. 4507.02. At his May 13, 1999 arraignment, appellant plead not guilty to all charges. The trial court granted the State's motion to dismiss the counts of no operator's license and disorderly conduct by intoxication, and the remaining counts proceeded to a jury trial on November 12, 1999. The following evidence was adduced at trial. The State's first witness, Deputy Kouri, testified he arrived at the scene and witnessed appellant throwing a punch at a smaller gentleman. Officer Kouri separated the suspects and interviewed appellant. Officer Kouri noted appellant was loud, agitated, and smelled of alcohol. It was Officer Kouri's opinion appellant was highly intoxicated. Officer Kouri arrested appellant and drove him to Mercy Medical Center for a blood-alcohol test. Appellant refused the test. The State next called Brian Gamble. Mr. Gamble testified he and appellant went to the Stables Restaurant on the evening in question. Both men drank beer. Mr. Gamble testified he drank more than six. While he could not be sure of the exact number of beers appellant had consumed, Mr. Gamble believed it was more than three or four. When the two left the restaurant, appellant drove Mr. Gamble's 1995 red Mustang convertible. Mr. Gamble testified appellant pulled in behind Mr. Carafelli's car and honked the horn one time. At that point, Mr. Carafelli and his passenger got out of the white car and approached the Mustang. Mr. Gamble stated he did not immediately get out of the vehicle because he was throwing up in the front seat of his vehicle. He exited his car a short time later. Mr. Gamble did not remember telling the police who had started the fight. Joseph Carafelli was the next person to testify for the State. Mr. Carafelli, a firefighter-paramedic, drove the white vehicle stopped in front of the Mustang on the night in question. Mr. Carafelli and his passenger, Eric Ohman, were returning from a firefighter union banquet just before this incident. Mr. Carafelli testified when the Mustang pulled up behind his car, he could hear the occupants yelling, cursing, and beeping the horn. Mr. Carafelli looked in the rearview mirror and saw appellant exit the Mustang by standing on the driver's seat of the car, and stepping over the driver's side door. At that point, Mr. Carafelli also exited his car and walked back toward appellant. After exchanging a few words, appellant charged at Mr. Carafelli, knocking him to the ground. Mr. Carafelli was able to get back up, and appellant charged at him again. This time, Mr. Carafelli was able to step to the side and avoid contact. Appellant then started throwing punches, although most did not hit Mr. Carafelli. Appellant kicked Mr. Carafelli on the inside of his thigh. Mr. Carafelli testified he believed appellant was under the influence of alcohol or drugs. Appellant testified on his own behalf. Appellant admitted he had a "couple beers" and a "couple" of shots of Wild Turkey while at the restaurant. However, appellant claimed he did not drive the Mustang that night. Appellant testified Mr. Gamble drove the Mustang from the restaurant to the scene of the incident. Appellant testified when Mr. Gamble pulled up behind the white car, the driver of the car was Eric Ohman, not Mr. Carafelli. Appellant testified Mr. Ohman got out of the driver's side of the white car and approached the Mustang. Appellant stated he felt unsafe sitting in a car with no windows and no top and therefore got out of the car and walked toward Mr. Ohman. Appellant testified Mr. Ohman "sucker" punched him in the side of his temple and only then did the fight ensue. The passenger in the white car (Mr. Carafelli) then exited the vehicle and approached him. He looked back to the Mustang to see Mr. Gamble still in the car. At that point the police arrived. After hearing all the evidence, the jury found appellant guilty of driving while under the influence of alcohol and assault. In a November 15, 1999 Judgment Entry, the trial court memorialized the jury's verdict of guilty and sentenced appellant to 180 days in jail with all but 90 suspended for the crime of driving under the influence of alcohol or drugs; and placed appellant on probation for two years on the assault count, sanctioning appellant to comply with Quest, and to attend anger management counseling. It is from that judgment entry appellant prosecutes this appeal, assigning the following as error:
 I. THE JURY'S VERDICT FINDING THE APPELLANT GUILTY OF ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE JURY'S VERDICT FINDING THE APPELLANT GUILTY OF OPERATING A MOTOR VEHICLE UNDER THE INFLUENCE OF ALCOHOL WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
In his first assignment of error, appellant maintains his conviction for assault was against the manifest weight of the evidence. Although not specifically assigned, appellant also asserts the conviction was based upon insufficient evidence. We disagree. In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, supra, at paragraph two of the syllabus. When applying the aforementioned standard of review to the case sub judice, based upon the facts noted supra, we do not find, as a matter of law, appellant's conviction was based upon insufficient evidence. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins (1997), 78 Ohio St.3d 380, 387 citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1. Appellant was charged with assault in violation of R.C. 2903.13. The statute provides, in relevant part: (A) No person shall knowingly cause or attempt to cause physical harm to another * * *
A person acts knowingly, "regardless of his purpose, when he is aware that his conduct would probably cause a certain result or probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22. In his brief, appellant maintains there was insufficient evidence to support his conviction of assault. Mr. Carafelli, testified he exited his vehicle only after appellant had stepped out of his and that appellant initiated the assault by charging Mr. Carafelli. Mr. Carafelli also testified appellant subsequently kicked him in the thigh. Accordingly, we find there was substantial, competent, credible evidence to support each element of assault. The jury's finding was not against the manifest weight of evidence. Appellant's first assignment is overruled.
 II
In his second assignment of error, appellant maintains his conviction for driving while under the influence of alcohol was against the manifest weight of the evidence. Although not specifically assigned as error, appellant's argument also contends there was insufficient evidence to support the conviction. In analyzing this assignment, we use the same standard of review as set forth in our analysis of appellant's first assignment of error. Appellant was convicted of driving while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1). The statute provides, in pertinent part: (A) No person shall operate any vehicle * * * if any of the following apply:
 (1) the person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse.
Mr. Gamble testified appellant drove his car after the two had consumed alcohol at the Stables Restaurant. Mr. Carafelli testified he saw appellant get out of the driver's side of the Mustang and appellant appeared to be intoxicated. Deputy Kouri also testified appellant appeared to be intoxicated. Specifically, Deputy Kouri noted appellant exhibited slurred speech and refused to allow blood to be drawn for an alcohol test. We find this to be substantial, competent, credible evidence upon which a jury could base its decision appellant was guilty of driving while intoxicated. Appellant's second assignment of error is overruled. The November 15, 1999 Judgment Entry of the Canton Municipal Court is affirmed.
EDWARDS, J. and READER, V.J. CONCUR.